1  WO

2

3

4

5

6        **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9   Elizabeth Ann McIntyre,                    No. CV-14-01885-PHX-GMS

10                 Plaintiff,              **ORDER**

11   v.

12   Carolyn W. Colvin,

13                 Defendant.

14         Pending before the Court is the appeal of Claimant, which challenges the Social

15   Security Administration's decision to deny benefits.    (Doc. 15.)    Defendant

16   Commissioner concedes that the Administrative Law Judge ("ALJ") failed to support his

17   decision to deny the Claimant benefits with substantial evidence.   (Doc. 19 at 2.)

18   Accordingly, the Court vacates the ALJ's decision and remands for further proceedings.

19                            **BACKGROUND**

20         On February 24, 2011 and March 10, 2011, Claimant applied for a period of

21   disability, disability insurance benefits (Title II), and supplemental security income

22   benefits (Title XVI), alleging a disability onset date of December 20, 2004.  (R. at 13.)

23   Claimant's date last insured ("DLI") for disability insurance benefits, and thus the date on

24   or before which he must have been disabled, was December 31, 2006.   (R. at 13.)

25   Claimant's claims were denied initially, although upon reconsideration the state agency

26   revived her Title XVI claim and adjudged Claimant disabled as of November 27, 2010,

27   but not before.  (R. at 13.)  Claimant then appealed to an ALJ.  (R. at 13.)  The ALJ

28   conducted a hearing on the matter on April 30, 2012.  (R. at 13.)  At the hearing, the

1   Claimant amended her alleged onset date from February 14, 2001 to December 20, 2004.

2   (R. at 13.)  The period of disability at issue, therefore, begins on December 20, 2004 and

3   ends on November 27, 2010.  (R. at 13.)

4       In assessing whether Claimant was disabled, the ALJ undertook the five-step

5   sequential evaluation for determining disability.[1]  (R. at 13–22.)  Ultimately the ALJ

6   concluded that Claimant was not disabled.[2]  (R. at 22.)  The Appeals Council declined to

7   review the decision.  (R. at 1.)  The Council accepted the ALJ's statements of the law, the

8   issues in the case, and the evidentiary facts, as well as the ALJ's findings and ultimate

9   conclusions regarding whether Plaintiff was disabled.  (R. at 1.)  The Council thereupon

10   agreed that Claimant was not disabled.  (R. at 2.)

11       Plaintiff filed the complaint underlying this action on August 25, 2014, seeking

12   this Court's review of the ALJ's denial of benefits.[3]  (Doc. 1.)  Claimant filed her

13
14       [1] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing supplemental
15   security income).  Under the test:

16       A claimant must be found disabled if she proves: (1) that she is not
17   presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals
18   one of the specific impairments described in the regulations.  If the impairment does not meet or equal one of the specific impairments
19   described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to
20   the first two requirements, she is not able to perform any work that she has done in the past.  Once the claimant establishes a prima
21   facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of
22   other jobs in the national economy.  This step-five determination is made on the basis of four factors: the claimant's residual functional
23   capacity, age, work experience and education.
24

25   *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007) (internal quotation marks omitted) (citation omitted).

26       [2] In light of the Defendant's concession that the Claimant is entitled to judgment and the ALJ's decision must be vacated, the Court does not detail the ALJ's path through the five-step
27   sequential evaluation since the whole of this appeal relates to remedies.

28       [3] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was

opening brief on April 23, 2015.  (Doc. 15.)  Defendant filed its response on May 27, 2015.  (Doc. 19.)  At the outset of its response, the Defendant stated: "In the course of preparing her defense, Defendant Commissioner of Social Security concluded the decision of the [ALJ] is not supported by substantial evidence.  Thus, the parties agree the ALJ erred and that [Claimant] is entitled to judgment."  (*Id.* at 1-2.)  The Claimant filed his reply on June 26, 2015.  (Doc. 22.)  The matter is now fully briefed.

**DISCUSSION**

**I.     Standard of Review**

The scope of judicial review is constrained by the Social Security Act and thus permits a federal court to set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error.  42 U.S.C. § 405(g); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When, as here, the Commissioner concedes that the ALJ's decision is unsupported by substantial evidence, the Act "makes clear that courts are empowered to . . . modify[] or reverse a decision by the Commissioner 'with or without remanding the case for a rehearing.'"  *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (*quoting* § 405(g)).  "While [courts] generally remand to the [ALJ] for 'additional investigation or explanation,'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (citation omitted), the Ninth Circuit, like every other circuit, recognizes that "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits."  *Garrison*, 759 F.3d at 1019 (citing cases from every circuit).

Remanding for an award of benefits, however, is not at the full discretion of the reviewing court.  Rather, the Ninth Circuit devised what is known as the "three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits[.]"  *Id.* at 1020.  The Claimant must establish: first, that the ALJ failed to provide legally sufficient reasons for rejecting

a party . . . may obtain a review of such decision by a civil action . . . .").

evidence, whether claimant testimony or medical opinion; second, that the record has been fully developed and further administrative proceedings would serve no useful purpose; and third, whether if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *See Treichler*, 775 F.3d at 1100–01 (*citing Garrison*, 759 F.3d at 1020).  If all three conditions are met, the reviewing court may remand for an award of benefits.  *Id.* at 1101.  Nonetheless, the reviewing court retains flexibility in determining the appropriate remedy if the record as a whole still creates "serious doubt as to whether the claimant is, in fact, disabled[.]"  *Id.* at 1107 (*citing Garrison*, 759 F.3d at 1021.)

## II.   Analysis

### A.   Credit-as-true

#### 1.   The ALJ failed to provide legally sufficient reasons for rejecting both Claimant and her husband's testimony.

The ALJ rejected various sources of evidence supporting Claimant's disability for legally insufficient reasons.  The ALJ first erred when it concluded that the Claimant's symptom and pain testimony lacked credibility due simply to its shortage of supporting medical evidence on the record.  (R. at 20 ("The claimant's testimony is not fully credible concerning the severity of her limitation, during the period in question.  Neither the severity nor the extent is supported by the medical evidence on the record.").)  Claimant's testimony includes, *inter alia*, that she can help around the house for about 30 minutes before needing a rest, and she can stand for 20 minutes at a time, sit for 20–30 minutes at a time, walk a block, and lift a gallon of milk.  (R. at 48, 52.)  Four times a day she needs to lie down and rest for approximately 45 minutes to two hours.  (R. at 49.)  And finally, due to her depression, Claimant cries at least once daily for 5–10 minutes.  (R. at 50.)  As the Defendant admitted, a "lack of medical evidence cannot form the sole basis for discounting pain testimony[.]"  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Furthermore, assertions that a claimant's testimony is incredible due to inconsistencies with the medical evidence on record are insufficient unless supported by

specific findings undermining the claimant's complaints.  *See Treichler*, 775 F.3d at 1103 ("The ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints.") (citation omitted).  While certain affirmative medical evidence on the record—like that of Dr. Richard Palmer who opined Claimant could sit or stand for six to eight hours per day—would seem to adequately refute Claimant's testimony, because the ALJ provided only a boilerplate rejection (and Defendant Commissioner concedes error), the ALJ's basis for disregarding Claimant's testimony was legally insufficient and constitutes error.

The ALJ next erred when it ignored reports submitted by John McIntyre, Claimant's husband, documenting his observations of Claimant and her symptoms during the relevant time period.  His observations supported Claimant's own testimony stating that "she has very limited mobility [and is] unable to stand or sit for extended periods due to pain." (R. at 398.)  "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ failed to mention, let alone reject, Mr. McIntyre's report in his decision for any specific reason germane to Mr. McIntyre. Accordingly, by ignoring the report, the ALJ erred. [4]

> **2.      Further administrative proceedings would serve a useful purpose.**

/ / /

---

[4] Defendant also asserts that remand for reconsideration is needed to "allow the ALJ to further evaluate the physical and psychological opinion evidence of record." (Doc. 19.)  Due to the nature of the briefing, this Court will only address the Claimant's arguments in support of crediting Claimant and her husband's testimony as true.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001) (A reviewing federal court addresses only the issues raised by the claimant in the appeal from the ALJ's decision).  Because the Defendant conceded the ALJ's error in its response brief and then proceeded to dedicate the entirety of its response to argue for remand for further proceedings, Claimant's reply, in essence, served as her opening brief.  As such, it was her only opportunity to assert all of her arguments in favor of remanding for benefits.  Therefore, although Defendant raised issues related to the ALJ's analysis of various medical opinions in its response, the Claimant did not raise that issue in its reply, and therefore, the Court shall not consider it.

The ALJ erred by failing to provide legally sufficient reasons for rejecting both the Claimant and her husband's testimony; therefore, next is to determine whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1103.

"Administrative proceedings are generally useful, where the record has not been fully developed, . . . there is a need to resolve conflicts and ambiguities, . . . or the presentation of further evidence . . . may well prove enlightening in light of the passage of time . . . ." *Id.* at 1101 (internal quotation marks omitted) (modifications omitted) (citations omitted). Importantly, "assess[ing] whether there are outstanding issues requiring resolution [must be done] *before* considering whether to hold that the claimant's testimony is credible as a matter of law." *Id.* at 1105 (citation omitted). As a result, any conflict between salient evidence on the record and evidence improperly rejected by the ALJ prohibits the reviewing court from reaching the credit-as-true step, since "a reviewing court is not required to credit claimant['s] allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting testimony." *See id.* at 1106, 1107; *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error."). Accordingly, in a case "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

Defendant raises one piece of medical opinion evidence that conflicts with the Claimant's symptom testimony. (Doc. 19 at 10.) The Defendant cites the same piece of evidence to refute Claimant's husband's testimony as well. (*Id.*) Specifically, Defendant notes that examining physician, Dr. Palmer, retained by Defendant, "opined [that Claimant] can sit or stand for six to eight hours per day." (*Id.* (*citing* R. at 860–61).) According to Defendant, this undermines Claimant's testimony that she cannot "stand or sit upright for more than five minutes at a time," (R. at 350, 858), and her husband's testimony that she "is unable to stand or sit for extended periods (R. at 398)." This evidence also apparently discredits Claimant's testimony at the hearing that she requires

1    multiple 45–120 minute breaks throughout the day to lie down and that she can only sit in

2    an office chair for 20–30 minutes at a time.  (R. at 48–49.)

3         Claimant does not offer any counter evidence in reply, but some opinion evidence

4    does suggest Claimant may need more than the average number of breaks throughout a

5    normal workday.   Wayne General, Ph. D., one of Defendant's retained examining

6    psychologists, noted that Claimant "is likely to have difficulties . . . over the course of an

7    eight-hour day and five-day work week[,]" and recommended that "[s]he may need to

8    have additional rest periods during which she can settle her nerves and collect her

9    thoughts."  (R. at 868, 871.)  Additionally, James Huddleston, Ph. D., another examining

10   psychologist retained by Defendant, opined that Claimant "may be moderately limited

11   with regard to social functioning and activities of daily living."  (R. at 444.)[5]

12        Dr. Palmer's opinion conflicts with Claimant and her husband's testimony.

13   Because of this conflict in testimony, the record is not devoid of uncertainty and thus

14   should be remanded for further proceedings before the ALJ.  *See Treichler*, 775 F.3d at

15   1105; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (The ALJ is responsible

16   for resolving conflicts in testimony, determining credibility, and resolving ambiguities);

17   *but see Varney*, 859 F.3d at 1399 (noting that "if grounds . . . exist [on which an ALJ may

18   discredit a claimant's testimony], it is both reasonable and desirable to require the ALJ to

19   articulate them in the original decision.").   In *Treichler*, the Ninth Circuit affirmed a

20   District Court's remand for reconsideration even though the court first rejected the

21   District Court's decision to the extent it affirmed the ALJ's determination that the

22   ─────────────────────

23   [5] Claimant also testified at the hearing that as a result of her diagnosed depression, she
     cried alone a few times every day for about 5–10 minutes at a time.  (R. at 50.)  This accords

24   with the testimony of Dr. General and Dr. Huddleston, who both diagnosed Claimant as
     suffering from major depressive disorder, (R. at 444, 871), and is not controverted anywhere else

25   in the record.  While this Court could credit the testimony as true, it does not change the need to
     remand for reconsideration.   The vocational expert ("VE") considered a hypothetical that

26   accounted for Claimant's need to take "unscheduled breaks of 5 to 10 minutes . . . throughout the
     day" as well as the "need to lie down or recline on an unscheduled basis for maybe 45 minutes to

27   2 hours at a time throughout the day."  (R. at 57.)  The VE opined that Claimant, considering
     those symptoms, could not work.  (R. at 58.)  But the VE did not opine on whether needing only

28   intermittent 5–10 minute breaks would lead to the same conclusion.   As such, remand for
     reconsideration is still appropriate to first properly determine whether Claimant's testimony is
     credible, and then to present a complete and accurate hypothetical to the VE.

claimant's testimony lacked credibility. *Treichler*, 775 F.3d at 1103. While the court held that the ALJ's rejection of the claimant's testimony relied on a legally insufficient basis, the court refused to remand for an award of benefits citing "significant factual conflicts in the record between [claimant's] testimony and objective medical evidence." *Id.* at 1104. These conflicts raised "crucial questions as to the extent of [claimant's] impairment[,]" and illustrated that further proceedings would serve a useful purpose. *Id.* at 1105. Thus, because the court determined that "further administrative proceedings [were] necessary," it did "not reach the third step of the rule, [crediting the improperly disregarded evidence as true, since that only] arises where the record is fully developed and free from conflicts, making it clear that the ALJ would be required to find the claimant disabled if he credited the claimant's testimony as true." *Id.* at 1107. Here, similar conflicts exist.

The fact that Claimant and her husband's testimony finds some support in other parts of the record is inapposite. Again, even though the ALJ failed to articulate why he rejected Claimant and her husband's testimony, and whether he accounted for the supporting evidence on the record, even under the lens of the credit-as-true rule, if on appeal the Defendant can highlight a conflict or ambiguity on the record, the "proper approach is to remand the case to the [ALJ]" for reconsideration. *Id.* at 1105. Accordingly, factoring for Dr. General and Dr. Huddleston's supporting evidence is a duty reserved exclusively for the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (The Court "may not substitute [its own] judgment for that of the ALJ.").

The record before this Court is not "free from conflicts." *Treichler*, 775 F.3d at 1107. And while a conflict free record seems unlikely in any Social Security case, the law is clear that in the presence of incongruent testimony, remand for an award of benefits is inappropriate regardless of the ALJ's level of legal error. *See id.* at 1106. Accordingly, the ALJ will be given a second chance to decide the issue again.

///

///

### B.    Other issues

#### 1.    Title XVI application

The ALJ seemingly intended to affirm the agency's reconsideration and grant of Claimant's Title XVI disability benefits beginning on November 27, 2010, but not before. (R. at 13.) Also, at the beginning of the hearing on this matter, in a colloquy with Claimant's attorney regarding the procedural posture of Claimant's different social security applications, the ALJ stated that in regards to the application "allowing benefits as of November 27, 2010 . . . that's going to be adjudicated period in this case." (R. at 36.) Defendant argues that because the ALJ failed to provide the appropriate findings with its decision to affirm the state agency's disability determination, it is unclear whether the ALJ's decision adjudicated Claimant's Title II or Title XVI application, and therefore this Court must remand for further proceedings. Because this matter is being remanded for further proceedings on other grounds, the ALJ should clarify the issue.

#### 2.    Claimant's current condition

Defendant finally argues that because the ALJ issued its decision in April 2013, but the record evidence ceased in late 2012, the case should be remanded to further develop the record to avoid "mak[ing] a finding of disability that covers a period beyond that adjudicated by the ALJ." (Doc. 19 at 13.) The Defendant's argument as it relates to reevaluating Claimant's condition beyond 2010 is moot. Time inevitably passes between a denial of benefits and a review of that denial. If such passage of time required this Court to remand the matter so the ALJ could consider the Claimant's current medical status, the social security review process would be meaningless since every case would have to be remanded.

### III.   Conclusion

In sum, the Defendant conceded that the ALJ erred in its disability decision when he rejected the Claimant and her husband's testimony for legally insufficient reasons. But due to a conflict in the record between a single piece of medical opinion evidence and both the Claimant and her husband's testimony, the case must be remanded back to

1    the ALJ for reconsideration.

2          **IT IS THEREFORE ORDERED** that this case is remanded back to the ALJ for

3    further proceedings on an open record.

4          Dated this 5th day of January, 2016.

Honorable G. Murray Snow
United States District Judge